Angel LOPEZ, Petitioner–Appellant,

v.

Thomas M. POOLE and Elliot L. Spitzer, Respondents–Appellees.

No. 03–2772.

United States Court of Appeals, Second Circuit.

Dec. 2, 2004.

Svetlana M. Kornfeind, Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Petitioner–Appellant.

Christopher J. Blira–Koessler, Assistant District Attorney, for Robert T. Johnson, District Attorney, Bronx County, Bronx, N.Y. (Peter D. Coddington, on the brief), for Respondant–Appellee.

Present: CALABRESI, B.D. PARKER, Jr., and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Petitioner–Appellant Angel Lopez ("Lopez") petitioned in the district court, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus. He argued that his 1998 conviction in New York state court for second-degree murder and second-degree criminal possession of a weapon was obtained in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as interpreted by the Supreme Court in *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In particular, Lopez alleged that the state trial court's decision to preclude him from presenting certain hearsay testimony was based on an unreasonable determination of the facts, an error Lopez argued was compounded by an unreasonable application of *Chambers*. The district court denied Lopez's petition, and issued a Certificate of Appealability.

We will grant a petition for a writ of habeas corpus only when a state court adjudication has resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, *see* 28 U.S.C. § 2254(d)(1), or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court, *see id.* § 2254(d)(2). *See also Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.2002). Having reviewed the record, we conclude that Lopez's challenge to the trial court's factual determinations is without merit. Insofar as Lopez argues legal error, he relies solely upon the second prong of the § 2254(d)(1) standard, contending that the trial court applied *Chambers* in an unreasonable manner. We, however, conclude that, in light of the questionable reliability of the testimony at issue, and the dubiousness of the proposition that it was critical to Lopez's defense, the state trial court's exclusion of the evidence in question did not "unreasonably appl[y] [*Chambers*] . . . to the facts of"

Lopez's case. *Id; see also Chambers*, 410 U.S. at 302 (finding that the petitioner's right to present a defense was violated where otherwise "trustworthy" and "critical" evidence was excluded through operation of state evidentiary rules, including the hearsay rule); *Rosario v. Kuhlman*, 839 F.2d 918, 924–25 (2d Cir.1988) (assessing whether excluded evidence was both "reliab[le]" and "material[ ]").

We therefore AFFIRM the judgment of the district court.